FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA

⌐ JUN – 2 2009 ⌐⌐

OFFICE OF THE CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANICE KUMM and DEANN KUMM, individually and as co-personal representatives of the ESTATE OF GAYLORD KUMM; ESTATE OF GAYLORD KUMM; BEN KUMM; GLEN R. KUMM; and STARR KUMM n/k/a Starr Wallace, §§§§§§§§§ | CASE NO. 8:08cv368 |
| Plaintiffs, | |
| v. | |
| PHOENIX LIFE INSURANCE COMPANY and PHL VARIABLE INSURANCE COMPANY | |
| Defendants. | |

## STIPULATED PROTECTIVE ORDER PURSUANT TO
## FEDERAL RULE OF CIVIL PROCEDURE 26(c)

WHEREAS, the parties to the above-captioned action may seek discovery of documents, information or other materials that may contain trade secrets, confidential commercial information or confidential personal or medical information of other parties or third parties;

NOW THEREFORE, pursuant to Federal Rule of Civil Procedure 26(c), upon the stipulation and consent of the parties and for good cause shown, the Court hereby ORDERS that:

1.      The following Stipulation and Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given or exchanged by and among the parties and any non-parties to this action (the "Litigation") in connection with discovery in the Litigation (such information hereinafter referred to as "Discovery Material").

2.     Any party or non-party who provides or has provided information or material to any party in connection with this Litigation (a "Producing Party") may designate any Discovery Material as "CONFIDENTIAL" under the terms of this Stipulation and Order if the Producing Party believes in good faith that such Discovery Material contains non-public, confidential, proprietary or commercially or personally sensitive information that requires the protections provided in this Stipulation and Order ("Confidential Discovery Material").

3.     For purposes of this Stipulation and Order, information considered to be "Confidential" Discovery Material includes all non-public material, including responses to discovery requests and interrogatories and testimony adduced at deposition, containing information related to: information concerning the internal governance of the parties to this litigation; financial or business plans or projections; trade secrets or other commercially sensitive business or technical information; non-public billing information such as invoices; personal financial or medical information; or privileged, proprietary or any other information a Producing Party or Non-Producing Party believes to be commercially-sensitive or personal financial or medical information.

4.     The designation by any Producing Party of Discovery Material as "Confidential" shall be made only after review by an attorney for the designating party based on a good faith belief that there is a valid basis for such designation.

5.     Discovery Material, or information derived therefrom, shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including, without limitation, any other lawsuit, or any other business or commercial purpose.

6.     The designation of Discovery Material as "Confidential" for purposes of this Stipulation shall be made in the following manner by any Producing Party:

EMH 5043                                            2

a.    in the case of documents or other materials (apart from depositions or other pretrial testimony), by affixing the legend "Confidential" to each page containing any Confidential Discovery Material, provided that the failure to designate a document as "Confidential" does not constitute a waiver of such claim, and a Producing Party may so designate a document promptly after such document has been produced, with the effect that such document is subject to the protections of this Stipulation and Order; and

b.    in the case of depositions or other pretrial testimony:   (i) by a statement on the record, by counsel, at or before the conclusion of the deposition; or (ii) by written notice, sent by counsel to all parties within 10 days after the receipt of the transcript of the deposition or other pretrial testimony, provided that only those portions of the transcripts designated as "Confidential" shall be deemed Confidential Discovery Material. All depositions will be treated as Confidential until the expiration of the 10 day period. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

7.    Except as specifically provided for in this or subsequent Court orders, Discovery Material designated "Confidential" or its contents shall not be revealed, disclosed or otherwise made known to persons, directly or indirectly, other than the following:

a.    the parties to the Litigation, including the parties' officers, directors, managers, and employees (including in-house counsel), who are necessary to assist counsel for the parties in the conduct of the Litigation for use in accordance with this Stipulation and Order;

EMH 5043                                          3

b.      experts or consultants who are not officers, directors, managers or employees of any party and who are necessary to assist outside counsel of record in the conduct of this Litigation and who sign the undertaking attached as Exhibit A;

c.      counsel of record for the parties that have appeared in the Litigation, employees, contractors and vendors of such counsel assisting in the conduct of the action for use in accordance with the terms of this Stipulation and Order;

d.      trial or deposition witnesses;

e.      the Court and Court personnel; and

f.      court reporters employed in connection with this Litigation.

8.      Every person given access to Confidential Discovery Material or information contained therein shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms thereof.

9.      All documents of any nature, including briefs that have been designated as "Confidential" and that are filed with the Court, shall be filed under seal in accordance with NEGenR 1.3(a)(1)(B) and NECivR 5.0.3(c), which shall be accomplished by submitting documents with the following designation on the first page or cover page of the document:

> THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER
> SEAL.   REVIEW AND ACCESS TO THIS DOCUMENT IS
> PROHIBITED EXCEPT BY PRIOR COURT ORDER.

All documents so filed shall be released from confidential treatment only as provided by further order of the Court.

10.     The parties filing any brief, memorandum, motion, letter or other document (a "Filing") under seal with the Court because the Filing would disclose information from a document that is otherwise required to be filed under seal pursuant to the provisions of

EMH 5043                                                    4

this Stipulation and Order shall comply with the provisions of NEGenR 1.3(a)(1)(B) and NECivR 5.0.3(c).

11.    Any party to the Litigation who objects to the continued restriction on public access to any document filed under seal shall give written notice of his or her objection to the Producing Party. To the extent that the Producing Party seeks to continue the restriction on public access to documents filed with the Court, that party shall file an application with the Court for a judicial determination as to whether good cause exists for continued restricted access to the document.

12.    Entering into, agreeing to and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Stipulation and Order shall not:

a.    operate as an admission by any party that any particular Confidential Discovery Material contains or reflects trade secrets or any other type of confidential information;

b.    prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

c.    prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Stipulation and Order;

EMH 5043                                              5

d.    prejudice in any way the rights of a party to seek a determination by the Court whether any Discovery Material or Confidential Discovery Material should be subject to the terms of this Stipulation and Order;

e.    prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

f.    prevent the parties to this Stipulation and Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material; or

g.    be construed as an agreement by any person to produce or supply any document, or as a waiver by any person of his right to object to the production of any document, or as a waiver of any claim of privilege with respect to the production of any document.

13.    This Stipulation and Order has no effect upon, and shall not apply to, the parties' use of their own respective Confidential Discovery Material for any purpose. Nothing herein shall (i) prevent a party from disclosing Confidential Discovery Material or other information to officers, directors or employees of the Producing Party; or (ii) impose any restrictions on the use or disclosure by a party of documents, materials or information designated as "Confidential" obtained lawfully by such party independently of the discovery proceedings in this Litigation and not otherwise subject to confidentiality restrictions.

14.    If a party in possession of Confidential Information receives a subpoena or other compulsory process from a non-party to this Stipulation and Order seeking production or other disclosure of such Confidential Information, that party shall give written and telephone notice to counsel for the Producing Party within five (5) business days after receipt of the

EMH 5043                                6

subpoena or other compulsory process; such notice shall identify the Confidential Information sought and enclose a copy of the subpoena or other compulsory process. If the Producing Party timely seeks a protective order, the party to which the subpoena or other compulsory process was issued or served shall not produce the Confidential Information called for prior to receiving a court order or the consent of the Producing Party. In the event that such Discovery Material containing Confidential Information is produced to the non-party, such material shall still be treated by the parties to this action in accordance with the designation as Confidential by the parties to this Stipulation and Order.

15.     Inadvertent failure to designate materials as Confidential Discovery Material at the time of production may be supplemented by written notice given by the producing party. Upon receipt of such notification, all documents, materials, or testimony so designated shall be fully subject to this Stipulation and Order as if it had been initially so designated; provided, however, that the receiving party shall incur no liability for any previous treatment of such information in conformance with its original designation. Notwithstanding the foregoing, no party may designate materials under the Stipulation and Order later than 90 days after the materials were produced to an opposing party pursuant to this Stipulation and Order.

16.     In the event a Producing Party produces two or more identical copies of a document and any such copy is designated with a lesser degree of confidentiality than any other copy, all such identical documents shall be treated in accordance with the most restrictive designation on any copy once the inconsistent designation is known. The Producing Party shall be responsible for informing the party receiving the inconsistently designated information of the inconsistent designation; however, if any person subject to this Stipulation and Order receives

EMH 5043                                        7

such inconsistently designated information, and has actual knowledge of the inconsistent designation, the person shall treat all copies in accordance with the most restrictive designation.

17.     In the event that a Producing Party inadvertently produces to any other party any materials that are privileged or otherwise immune from discovery, in whole or in part, pursuant to the attorney-client privilege, work product doctrine, or other applicable privilege, such privileged materials may be retrieved by the Producing Party by giving written notice to all parties to whom the Producing Party inadvertently provided copies of the produced privileged materials of the claim of privilege and the identity of the documents inadvertently produced. This notice must be provided within fifteen (15) business days of the date on which the Producing Party becomes aware of the inadvertent production. Upon receipt of such notice, all parties or other persons who have received a copy of the inadvertently produced materials shall promptly return any and all copies of those materials to the Producing Party. The terms of this paragraph shall not be deemed a waiver of a party's right to challenge the Producing Party's designation of materials as privileged (provided, however, that any such challenge to the designation may only be made following the return of such identified documents to the Producing Party), nor shall such inadvertent production of any material that is subsequently retrieved pursuant to this paragraph be deemed to be a waiver of the claim of privilege asserted. No party shall use any inadvertently produced privileged materials, or information gleaned from any inadvertently produced privileged materials, in connection with this Litigation or any related actions. Any party returning material to a Producing Party pursuant to this paragraph may then move the Court for an Order compelling production of the material, but said motion shall not assert as ground for entering such an Order that the Producing Party waived any privilege because of the inadvertent production.

18.    Any person receiving Confidential Discovery Material shall not disclose such information to any person who is not entitled to receive such information under this Stipulation and Order. If Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such materials and to prevent further disclosure by it or by the person who received such information.

19.    In the event additional parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material until the newly-joined party by its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Stipulation and Order.

20.    Non-parties who produce documents pursuant to this Stipulation and Order shall have the benefit of this Stipulation and Order, and shall be entitled to enforce its terms, if they agree to be bound hereby.

21.    The parties agree to be bound by the terms of this Stipulation and Order pending the entry of this Stipulation and Order by the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation and Order has been entered by the Court.

22.    The provisions of this Stipulation and Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including without limitation any appeals therefrom.

23.     Within 60 days after receiving notice of the entry of an order, judgment, or decree finally disposing of or resolving the Litigation, and upon the written request of the Producing Party, all persons having received Confidential Discovery Material shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the party that produced it or destroy all such Confidential Discovery Material and certify that fact. However, counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including Discovery Material containing Confidential Discovery Material), provided that such counsel, and employees of such counsel, shall not disclose the court papers or attorney work product to any person, except pursuant to court order or agreement with the Producing Party.

24.     During the pendency of this Litigation, any party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material may, after making a good faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation. While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material pursuant to this Stipulation and Order. The provisions of this paragraph are not intended to shift the burden of establishing confidentiality. The burden of establishing confidentiality rests with the Producing Party.

25.     In the event that any Confidential Discovery Material is used in any court proceeding in this Litigation or any appeal therefrom, said Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use. Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceeding.

EMH 5043                              10

26.     Each of the parties hereto shall be entitled to seek modification of this Stipulation and Order by application to the Court on notice to the other parties hereto. Nothing in this Stipulation and Order shall preclude any party from seeking judicial relief, upon notice to the other parties, with regard to any provision hereof.

EMH 5043                                                11

BEN A. KUMM, GLEN R. KUMM, JANICE KUMM,
DeANN KUMM, STAR WALLACE, and THE ESTATE
OF GAYLORD KUMM, Plaintiffs,

By: _____
    William G. Dittrick (#11024)
    Kenneth W. Hartman (21954)
of   BAIRD HOLM LLP
    1500 Woodmen Tower
    1700 Farnam Street
    Omaha, NE 68102-2068
    Phone: 402-344-0500
    wdittrick@bairdholm.com
    khartman@bairdholm.com

and

    James Patrick Meuret (#23666)
    P.O. Box 429
    Brunswick, NE 68720
    Phone: 402-842-9017
    jamesmeuret@gmail.com

and

    Thomas H. DeLay (#10973)
of:  JEWELL, COLLINS, DELAY & FLOOD
    105 South 2nd Street
    P.O. Box 1367
    Norfolk, NE 68702-1367
    Phone: 402-371-4844
    tdelay@jewellcollins.com


PHL VARIABLE INSURANCE COMPANY, Defendant

By: _____
    David T. McDowell*
    (Texas Bar No. 00791222)
    Jessica L. Wilson*
    (Texas Bar No. 24028230)
of   EDISON, McDOWELL & HETHERINGTON, LLP
    3200 Southwest Freeway
    Suite 2920
    Houston, TX 77027
    david.mcdowell@emhllp.com
    jessica.wilson@emhllp.com
    * Admitted pro hac vice

EMH 5043          12

and

of    Steven E. Achelpohl, #10015
ACHELPOHL LAW
1823 Harney St., #1010
Omaha, NE 68102
402-346-1900

Dated: May ___, 2009

SO ORDERED this ___ day of _____, 2009.

EMH 5043    13

**Exhibit A**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

JANICE KUMM and DEANN KUMM,
individually and as co-personal
representatives of the ESTATE OF
GAYLORD KUMM; ESTATE OF
GAYLORD KUMM; BEN KUMM; GLEN R.
KUMM; and STARR KUMM n/k/a Starr
Wallace,

CASE NO. 8:08CV368

     Plaintiffs,

v.

PHOENIX LIFE INSURANCE COMPANY
and PHL VARIABLE INSURANCE
COMPANY,

     Defendants.

### UNDERTAKING PURSUANT TO THE
### STIPULATION AND ORDER GOVERNING THE
### PROTECTION AND EXCHANGE OF CONFIDENTIAL MATERIAL

I, _____, have read the Stipulation and Order Governing

the Protection and Exchange of Confidential Material (the "Order") in the above-

captioned case. I understand the terms of the Order, I agree to comply with the Order in

all respects, and I hereby submit and waive any objection to the jurisdiction of the United

States District Court for the District of Nebraska for the adjudication of any dispute

concerning or related to my compliance with the Order.

I understand that any violation of the terms of this Order may be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or other or additional relief as deemed appropriate by the Court.

Signature:_____

Please print or type the following:

Name:_____

Title and Affiliation:_____

Address:_____

_____

Telephone:_____

2