IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BEN KUMM; GLEN R. KUMM; JANICE KUMM and DEANN KUMM, individually and as co-personal representatives of the ESTATE OF GAYLORD KUMM; ESTATE OF GAYLORD KUMM; and STARR KUMM n/k/a Starr Wallace, | ) ) ) ) ) ) ) ) | 8:08CV368 |
| Plaintiffs, | ) | MEMORANDUM AND ORDER |
| v. | ) ) | |
| PHOENIX LIFE INSURANCE COMPANY and PHL VARIABLE INSURANCE COMPANY, | ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the Defendants' motion to dismiss, Filing No. 43. On July 14, 2008, Plaintiffs Ben Kumm and Glen Kumm brought suit against Phoenix Life Insurance Company ("Phoenix") and PHL Variable Insurance Company ("PHL") (collectively, "Defendants") regarding a life insurance policy issued on their deceased father, Gaylord Kumm. Filing No. 1, Exhibit 1. Ben Kumm and Glen Kumm alleged one cause of action, breach of contract, against the Defendants in the complaint, and they filed the complaint in the District Court of Pierce County, Nebraska. *Id.*

On August 14, 2008, the Defendants filed for removal of the case to the United States District Court of Nebraska. Filing No.1. Jurisdiction in this case is based on diversity of citizenship. 28 U.S.C. § 1332. On August 21, 2008, the Defendants filed an answer. Filing No. 9.

On March 4, 2009, Ben Kumm and Glen Kumm filed an amended complaint joining the following Plaintiffs: Janice Kumm (their mother) and DeAnn Kumm (their sister), individually and also as co-personal representatives of the estate of Gaylord Kumm; the

Estate of Gaylord Kumm; and Starr Kumm, now known as Starr Wallace (their sister) (collectively with Ben Kumm and Glen Kumm, the "Plaintiffs"). Filing No. 36. In addition, in the amended complaint, the Plaintiffs asserted claims of fraud and negligence against the Defendants. *Id.*

The Defendants filed this motion to dismiss with an accompanying brief on April 3, 2009. Filing Nos. 43 and 44. The Plaintiffs filed a brief in opposition to the motion on May 11, 2009. Filing No. 55. The Defendants filed a reply brief in support of the motion to dismiss on May 18, 2009. Filing No. 58. [1]

## BACKGROUND

On some unspecified date[2], defendant PHL sold life insurance policy No. 97506823 to Gaylord Kumm in the amount of $20,000,000 (the "$20,000,000 policy"), insuring Gaylord Kumm and naming Ben Kumm and Glen Kumm as beneficiaries. Filing No. 36 at 3. The amended complaint states that Gaylord Kumm sold the $20,000,000 policy, although it does not specify when or to whom the sale took place. *Id.* at 6. The Defendants' brief in support of this motion, however, indicates that the sale took place in March 2007 and that when Gaylord Kumm died, Wells Fargo Bank was the beneficiary of

---

[1]This action is related to another lawsuit pending in this jurisdiction, *Sun Life Insurance Company of Canada v. Janice Kumm and DeAnn Kumm, as co-personal representatives of the Estate of Gaylord Kumm; DeAnn Kumm, individually; Estate of Gaylord Kumm; Ben Kumm, individually; Glen R. Kumm, individually; and Starr Kumm, now known as Starr Wallace, individually, v. Gerald Bryce, James Grendell, Bryan Reil, and Paradigm Financial Services, LLC,* Case No. 8:08cv290. In *Sun Life*, Sun Life brings a suit asking for two claims for relief: rescission of a life insurance policy on the life of Gaylord Kumm and declaratory judgment declaring that the policy is rescinded. Sun Life alleges that Gaylord Kumm made material misrepresentations as to the state of his health as of December 2006 and as to the existence of other insurance policies. There has been no allegation in this proceeding that the Sun Life policy and the PHL policies are connected in any way. However, in the Sun Life proceeding, plaintiff Sun Life claims that the existence of the PHL policies constitutes a material misrepresentation made to Sun Life by Gaylord Kumm. *See generally,* Filing No. 45, Ex. 2 of this case. The court takes judicial notice of the pleadings in the *Sun Life* case.

[2]The parties do not state the date here. In the related *Sun Life* action, plaintiff Sun Life alleges in its complaint that PHL issued the $20,000,000 policy to Gaylord Kumm on December 15, 2003.

the policy. Filing No. 44 at 2. In addition, the Defendants allege that PHL paid the $20,000,000 death benefit to Wells Fargo Bank. *Id.* There are no other specific allegations in the pleadings with regard to this sale.

On March 31, 2005, defendant PHL sold life insurance policy No. 97511900 to Gaylord Kumm in the amount of $5,000,000 (the "$5,000,000 policy"), insuring Gaylord Kumm and naming Ben Kumm and Glen Kumm as beneficiaries. Filing No. 36 at 2-3. On January 1, 2008, Gaylord Kumm died. *Id.* at 3. To date, PHL has not paid the death benefit for the $5,000,000 policy to Ben Kumm and Glen Kumm. *Id.*

The Plaintiffs claim that the Defendants fraudulently withheld information, made false representations to induce Gaylord Kumm to sell the $20,000,000 policy and to buy the $5,000,000 policy, allowed policies to lapse, and created new periods of contestability for policies. *Id.* at 4-5. In addition, the Plaintiffs claim that the Defendants did not exercise a reasonable standard of care and negligently advised Gaylord Kumm with regard to the policies. *Id*. at 6. Finally, the Plaintiffs claim both that the Defendants breached the terms of the $5,000,000 policy by refusing to pay the death benefit to Ben Kumm and Glen Kumm, and that the Defendants should be estopped from challenging the validity of the $5,000,000 policy. *Id.* at 7.

On April 3, 2009, the Defendants filed this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), 9(b), and 12(b)(6). Filing No. 43.

**I.   Rule 12(b)(1) - Standing /Subject Matter Jurisdiction.**

    **A.   Standard of Review.**

"Federal jurisdiction is limited by Article III, § 2, of the United States Constitution to actual cases and controversies." *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000). To satisfy the burden of establishing Article III standing,

> a plaintiff must show that he is under threat of suffering "injury in fact" that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.

*Summers v. Earth Island Inst.*, 129 S. Ct. 1142, 1449 (2009); *Zanders v. Swanson,* — F.3d —, 2009 WL 2136791 (8th Cir. July 20, 2009). To survive a motion to dismiss for lack of standing, a complaint "must contain more than bald assertions of injury." *Burton v. Central Interstate Low-Level Radioactive Waste Compact Com'n*, 23 F.3d 208, 210 (8th Cir. 1994).

Since subject matter jurisdiction "is a threshold issue for the court, the district court has 'broader power to decide its own right to hear the case than it has when the merits of the case are reached.'" *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993) (quoting *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990)). For the court to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), "the complaint must be successfully challenged either on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (citing *Osborn,* 918 F.2d at 729 n.6). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Titus,* 4 F.3d at 593.

### B. Discussion.

#### 1. Ben Kumm and Glen Kumm.

The court has reviewed the amended complaint and finds that Ben Kumm and Glen Kumm are the named beneficiaries of the $5,000,000 policy. Defendant PHL has not paid the death benefit on the $5,000,000 policy. The court finds that Ben Kumm and Glen Kumm have alleged an injury-in-fact that is concrete, particularized, actual, traceable to the

actions of the Defendants, and capable of being redressed in this action. Therefore, the court finds that Ben Kumm and Glen Kumm have standing to bring this suit and that the court has subject matter jurisdiction with regard to Plaintiffs Ben Kumm and Glen Kumm for their breach of contract claim on the $5,000,000 policy. The court also notes that the Defendants do not contest the subject matter jurisdiction of this court with regard to the breach of contract claim on the $5,000,000 policy. Filing No. 58 at 2-3.

With regard to the $20,000,000 policy, the Plaintiffs have alleged that Ben Kumm and Glen Kumm were the named beneficiaries of the policy when it was issued. It is undisputed that Ben Kumm and Glen Kumm did not receive any death benefit from the $20,000,000 policy. The Plaintiffs have also alleged that the Defendants "made false representations fo induce Gaylord Kumm to sell the $20,000,000 policy." Filing No. 36 at 4. For the purpose of standing only, the court finds that Ben Kumm and Glen Kumm have alleged an injury-in-fact that is concrete, particularized, actual, traceable to the actions of Defendants, and capable of being redressed in this action. Therefore, the court finds that Ben Kumm and Glen Kumm have standing to bring this suit and that the court has subject matter jurisdiction with regard to their claims of fraud and negligence on the $20,000,000 policy.

**2. Janice Kumm, DeAnn Kumm, and Starr Kumm, Individually.**

With regard to both the $5,000,000 policy and the $20,000,000 policy, the Plaintiffs have not alleged that either Janice Kumm, DeAnn Kumm, or Starr Kumm, individually, were either the owners, previous owners, beneficiaries, previous beneficiaries, or third-party beneficiaries of either policy. Therefore, this court finds that these parties have not established any injury-in-fact attributable to the Defendants. The court finds that Janice Kumm, DeAnn Kumm, and Starr Kumm, individually, lack standing with regard to any

5

claims on either policy. However, the court will grant the Plaintiffs thirty days to file an amended complaint alleging an injury to Janice Kumm, DeAnn Kumm, or Starr Kumm, individually, caused by the Defendants, that could be redressed by an action before this court.

### 3. The Estate; Janice Kumm and DeAnn Kumm as Co-personal Representatives of the Estate.

Nebraska Revised Statute § 30-2476(22) establishes that the personal representatives of a decedent's estate may properly "prosecute or defend claims or proceedings in any jurisdiction for the protection of the estate." Neb. Rev. Stat. § 30-2476(22) (Reissue 2008). *See Nielsen v. Nielsen,* 700 N.W.2d 675, 681 (Neb. Ct. App. 2005); *Hampshire v. Powell,* 626 N.W.2d 620, 626-27 (Neb. Ct. App. 2001). While each of the Plaintiffs individually has an interest in the estate as an heir, the ability to bring suit lies only with Janice Kumm and DeAnn Kumm as co-personal representatives. Since any claims "for the protection of the estate" must be brought by the personal representatives of the estate, this court finds that the estate itself lacks standing to prosecute a claim on its own behalf. All claims asserted by the estate itself are therefore dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

The court finds that Janice Kumm and DeAnn Kumm, as co-personal representatives of the estate, have not established any injury-in-fact in relation to the contract claim under the $5,000,000 policy.[3] In the amended complaint, the Plaintiffs claim

---

[3] This court has reviewed the record and finds no indication that reimbursement of premiums and interest has been made to the estate with regard to the $5,000,000 policy. If the Defendants were to prevail against the plaintiffs' claim for death benefits under the $5,000,000 policy, Janice Kumm and DeAnn Kumm, as co-personal representatives of the estate, may have a claim for reimbursement of premiums. Such a claim may give the co-personal representatives of the estate standing. However, Plaintiffs make no such claim in their amended complaint, and the court will not presume that one exists.

6

the right to death benefits under the $5,000,000 policy. Any death benefits payable under the policy, however, will pass directly to the named beneficiaries, Ben Kumm and Glen Kumm, and will not transfer through the estate. Additionally, death benefits are not payable to Gaylord Kumm; therefore, the co-personal representatives do not state an injury to the decedent. The court finds that Janice Kumm and DeAnn Kumm, as co-personal representatives of the estate, lack standing with regard to the contract claim for death benefits under the $5,000,000 policy. However, the court will grant the Plaintiffs thirty days to file an amended complaint alleging an injury to Gaylord Kumm or the estate caused by the Defendants' breach of contract that could be redressed by an action before this court brought by the co-personal representatives of the estate.

The Plaintiffs claim that the Defendants made false representations to induce Gaylord Kumm to sell a $20,000,000 incontestable policy and purchase a $5,000,000 policy with a period of contestability. The Plaintiffs allege that the Defendants failed to exercise reasonable care when advising Gaylord Kumm to allow the $5,000,000 policy to lapse and then reinstate the policy, and concealed the fact that new policies had periods of contestability. Janice Kumm and DeAnn Kumm, as co-personal representatives of the estate, assert claims of negligence and fraud on behalf of Gaylord Kumm. The Defendants argue that the co-personal representatives of the estate lack standing because Gaylord Kumm, as the insured, would never have received death benefits under either policy. The Defendants' argument fails, however, because a life insurance policy has financial value to the insured even though the death benefit will not pass to the insured. For example, as the Defendants acknowledged, the insured can sell the rights to benefits under the policy. The value of a contestable policy is implicitly less than the value of an incontestable policy.

Gaylord Kumm allegedly incurred a financial loss resulting from the sale of the incontestable $20,000,000 policy and lapse of the $5,000,000 policy. For the purpose of standing only, the court finds that Janice Kumm and DeAnn Kumm, as co-personal representatives of the estate, have established an injury-in-fact that is concrete, particularized, actual, traceable to the actions of the Defendants, and capable of being redressed in this action. Therefore, the court finds that Janice Kumm and DeAnn Kumm, as co-personal representatives of the estate, have standing to bring suit and that the court has subject matter jurisdiction with regard to their claims of fraud and negligence.

## II. Rule 9(b) - Particularity in Pleading Allegations of Fraud.

### A. Standard of Review.

Under the Federal Rules, a party alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). While the rule is interpreted "'in harmony with the principles of notice pleading,' and to satisfy it, the complaint must allege 'such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.'" *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009) (quoting *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002)). "The complaint must plead the 'who, what, where, when, and how' of the alleged fraud." *Drobnak,* 561 F.3d at 783 (quoting *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006)). The heightened level of particularity is "intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations." *United States ex rel Costner v. URS Consultants, Inc.*, 317 F.3d 883, 888 (8th Cir. 2003).

"Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Drobnak,* 561 F.3d at 783 (quoting *Schaller,* 298 F.3d at 746. "Allegations pleaded on information and belief usually do not meet Rule 9(b)'s particularity requirement." *Drobnak,* 561 F.3d at 783. "When the facts constituting the fraud are peculiarly within the opposing party's knowledge, however, such allegations may be pleaded on information and belief." *Id.* at 783-84. In such a case, Rule 9(b) is satisfied "if the allegations are accompanied by a statement of facts on which the belief is founded." *Id.* at 784.

### B. Discussion.

The Plaintiffs allege that the Defendants "concealed . . . premiums on new and reissued life insurance policies they sold to Gaylord Kumm," "further concealed from . . . Gaylord Kumm the material and substantial benefits of existing incontestable policies issued on Gaylord Kumm's life as well as how those benefits would not remain when other policies, including the $20,000,000 policy, were sold, or lapsed, or when new or reissued policies were purchased," "concealed from Gaylord Kumm that new policies would have periods of contestability," "made false representations to induce Gaylord Kumm to sell the $20,000,000 Policy and to buy other policies in its stead, including the $5,000,000 Policy," "concealed the fact that they let policies lapse, and were creating new periods of contestability for insurance policies," "fraudulently represented to Gaylord Kumm that he could purchase new policies or reinstate lapsed policies," and "intentionally misrepresented to Gaylord Kumm that with proper medical records they could get 35% to 18% [sic] of death benefit for the sell [sic] of the $20,000,000 Policy." Filing No. 36 at 23-25.

9

These allegations do not rise to the level of pleading the "who, what, where, when, and how" of the alleged fraud. The Plaintiffs argue that an exception to the particularity requirement should apply in this case. The Plaintiffs suggest that they do not know the circumstances of the fraud, and can only develop the facts necessary to meet the pleading requirement after discovery. While an exception to the fraud particularity requirement may be appropriate when the information pertaining to the fraud is outside of the plaintiff's reach, the pleadings in this case do not support the conclusion that the facts are "peculiarly within the opposing party's knowledge." See *Drobnak,* 561 F.3d at 783-84. The Plaintiffs claim that the Defendants made numerous false representations to Gaylord Kumm. The Plaintiffs fail, however, to identify when these representations were made, who made the representations, or how the representations were made. Although Gaylord Kumm is deceased and cannot provide these details, the Plaintiffs must have some knowledge of the conversations between the Defendants and Gaylord Kumm, because they base their claim of fraud on these conversations. The Plaintiffs fail to include a statement of facts to support their belief that the Defendants concealed information or made false statements and misrepresentations. The pleadings do not warrant an exception to the particularity requirement because the Plaintiffs have not shown that the "facts constituting fraud are peculiarly within the opposing party's knowledge," and they have not provided an adequate statement of facts to support their belief that the Defendants committed fraud. See *Drobnak,* 561 F.3d at 783-84. The court finds the Plaintiffs' claim for fraud does not meet the requirements of Fed. R. Civ. P. 9(b). However, the court will grant the Plaintiffs thirty

days to file an amended complaint to plead their allegations of fraud with sufficient particularity.

### III.  Rule 12(b)(6) - Failure to State a Claim.

#### A.  Standard of Review.

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 n.3. (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, —, 127 S. Ct. 2197, 2200 (2007) (quoting *Twombly,* 550 U.S. at 555).  In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

The factual allegations of a complaint are assumed true, even if it appears that "actual proof of those facts is improbable, 'that a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  The complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 570.  Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Id.* at 556.  "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the

complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Id.* at 558.

### B. Discussion.

#### 1. Fraud.

The court does not address the Defendants' motion to dismiss the claim of fraud since the pleadings do not meet the particularity requirement of Fed. R. Civ. P. 9(b).

#### 2. Negligence.

"In order to prevail in a negligence action, a plaintiff must establish the defendant's duty to protect the plaintiff from injury, a failure to discharge that duty, and damages proximately caused by the failure to discharge that duty." *National American Insurance Co. v. Constructors Bonding Co.*, 719 N.W.2d 297, 302 (Neb. 2006).

The Defendants only challenge the non-beneficiary Plaintiffs' claims of negligence. Therefore, the claim of negligence by Ben Kumm and Glen Kumm, the named beneficiaries, can proceed. The court does not address the sufficiency of the negligence claims asserted by the parties that lack standing to bring suit.

The Defendants assert that Janice and DeAnn Kumm, as co-personal representatives of the estate, have failed to establish the three elements of negligence. The court finds the Plaintiffs have established that the Defendants, as insurers, owed a duty to Gaylord Kumm, the insured. Janice Kumm and DeAnn Kumm, as co-personal representatives of the estate, have authority to bring claims on behalf of Gaylord Kumm. The Plaintiffs claim that the Defendants breached their duty by failing to exercise reasonable care in providing advice to Gaylord Kumm. The Plaintiffs further allege that the Defendants' breach resulted in the lapse and reinstatement of the $5,000,000 policy and

the sale of the $20,000,000 incontestable policy. The lapse and sale of these policies allegedly resulted in the loss of benefits as the policies were replaced with policies carrying periods of contestability. The court finds that Janice Kumm and DeAnn Kumm, as co-representatives of the estate, have stated a claim for negligence with regard to the duty the Defendants owed to Gaylord Kumm.

### 3. Breach of Contract / Estoppel.

The breach of contract/estoppel claim is only alleged with regard to the $5,000,000 policy. The Defendants do not challenge Ben Kumm and Glen Kumm's claim for breach of contract/estoppel, so their claim can proceed. The court does not address the sufficiency of the breach of contract/estoppel claims asserted by the parties that lack standing to bring suit.

The Defendants argue that the non-beneficiary Plaintiffs fail to state a claim for breach of contract/estoppel. Janice Kumm and DeAnn Kumm, as co-representatives of the estate, have the authority to bring a claim on behalf of Gaylord Kumm. The contract claim, however, is asserted only for death benefits. As neither Gaylord Kumm nor the estate have a right to death benefits under the policy, the court finds that the co-personal representatives of the estate fail to state a claim for breach of contract/estoppel.[4]

However, the court will grant the Plaintiffs thirty days to file an amended complaint that states a claim for breach of contract/estoppel on behalf of Janice Kumm and DeAnn Kumm as co-personal representatives of the estate.

---

[4] Again, the court notes that the co-personal representatives of the estate may have a claim for reimbursement of premiums in the event that the Defendants prevail as to the claim for death benefits under the $5,000,000 policy. The Plaintiffs, however, do not assert this claim in their amended complaint.

13

THEREFORE, IT IS ORDERED:

1. Plaintiffs Ben Kumm and Glen Kumm have standing to bring this suit with regards to both policies and all three claims.

2. Plaintiffs Janice Kumm, DeAnn Kumm, and Starr Kumm, individually, have not established standing for any claims, but have thirty days to file an amended complaint to establish standing.

3. Plaintiff Estate of Gaylord Kumm has not established standing to bring suit, and all claims on behalf of this plaintiff are dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

4. Plaintiffs Janice Kumm and DeAnn Kumm, as co-personal representatives of the estate, have not established standing as to the breach of contract/estoppel claim for the $5,000,000 policy, but have thirty days to file an amended complaint to establish such standing.

5. Plaintiffs Janice Kumm and DeAnn Kumm, as co-personal representatives of the estate, have established standing to bring suit for negligence and fraud for both the $5,000,000 and $20,000,000 policies.

6. All Plaintiffs fail to plead fraud with sufficient particularity under Fed. R. Civ. P. 9(b), but have thirty days to file an amended complaint to meet the particularity requirement.

7. Plaintiffs Ben Kumm and Glen Kumm state a claim for negligence with regard to both the $5,000,000 and $20,000,000 policies.

8. Plaintiffs Janice Kumm and DeAnn Kumm, as co-personal representatives of the estate, state a claim for negligence with regard to both the $5,000,000 and $20,000,000 policies.

9. Plaintiffs Ben Kumm and Glen Kumm state a claim for breach of contract/estoppel with regard to the $5,000,000 policy.

10. Plaintiffs Janice Kumm and DeAnn Kumm, as co-representatives of the estate, fail to state a claim for breach of contract/estoppel with regard to either policy, but have thirty days to file an amended complaint to state such claims.

DATED this 3rd day of August, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Court Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.