IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANICE KUMM and DEANN KUMM NAPPER, individually and as co-personal representatives of the ESTATE OF GAYLORD KUMM; BEN KUMM; GLEN R. KUMM; and STARR KUMM n/k/a Starr Wallace,<br><br>          Plaintiffs,<br>  v.<br><br>PHOENIX LIFE INSURANCE COMPANY and PHL VARIABLE INSURANCE COMPANY,<br><br>          Defendants. | 8:08CV368<br><br>MEMORANDUM AND ORDER |

    This matter is before the court on the defendants' motion to dismiss the plaintiffs' second amended complaint, Filing No. 77. By previous order, this court granted defendants' previous motion to dismiss but granted the plaintiffs leave to file an amended complaint to correct the deficiencies in their original complaint. Filing No. 68.

    In their second amended complaint, the plaintiffs Janice Kumm and DeAnn Kumm Napper (individually and as co-personal representatives of the Estate of Gaylord Kumm), Ben A. Kumm, Glen R. Kumm, and Starr Kumm Wallace assert claims of fraud, negligence, and breach of contract/estoppel against Defendants Phoenix Life Insurance Company and PHL Variable Insurance Company in connection with the sale of two insurance policies to Gaylord Kumm, now deceased. Filing No. 74, second amended complaint. Plaintiff Janice Kumm is the decedent's spouse, and the remaining plaintiffs are his children. *Id.* at 2.

    In their motion to dismiss, the defendants contend that the plaintiffs' second amended complaint fails to correct the deficiencies of the earlier complaint. The

defendants assert that plaintiffs Janice Kumm, DeAnn Kumm Napper and Starr Kumm Wallace do not have standing in their individual capacities to maintain an action for breach of contract, fraud or negligence. They further assert that only the co-personal representatives of the estate have standing to assert claims for negligence. Finally, they argue that the plaintiffs' allegations of fraud are not stated with sufficient particularity to satisfy the requirements of Fed. R. Civ. P. 9(b) and fail to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6).

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 n.3. (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, —, 127 S. Ct. 2197, 2200 (2007) (quoting *Twombly,* 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

The factual allegations of a complaint are assumed true, even if it appears that actual proof of those facts is improbable, and that a recovery is very remote and unlikely. *Id.* at 556. The complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 570. Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of

2

the claim. *Id*. at 556. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Id.* at 558. Federal procedural law also requires that allegations of fraud be pleaded with particularity. Fed. R. Civ. P. 9(b). Generally, this means the who, what, when, where and how of allegedly fraudulent acts must be set out. *Great Plains Trust Co. v. Union Pacific R. Co.*, 492 F.3d 986, 996 (8th Cir. 2007).

In their second amended complaint, the plaintiffs allege that the defendants, by and through by and through Paradigm Financial Services LLC ("Paradigm"), a general agent, and its members and employees, Gerald Bryce, James Grendell, and Bryan Reil, provided insurance, financial, and estate planning advice to the decedent, Gaylord Kumm. Filing No. 74, second amended complaint at 5. The plaintiffs allege that the defendants authorized Paradigm and its employees to sell the defendants' products, to design insurance plans, and to supervise the case design and service of that design. *Id.* at 4. They further allege that the defendants' agents sold and issued a five-million-dollar policy and a twenty-million-dollar policy to the decedent as part of such a life insurance program, design or plan. *Id.* at 5-8. Plaintiffs Ben Kumm and Glen Kumm are beneficiaries of the five-million-dollar policy, and Starr Kumm Wallace and DeAnn Kumm Napper were at one time beneficiaries of the twenty-million-dollar policy. *Id.* at 5-6.

Plaintiffs further allege that, in devising this insurance design or plan, the defendants knew that it was "Gaylord Kumm's intent and purpose to have an insurance design or plan to ensure that upon his death, his wife Janice Kumm would be able to maintain her lifestyle and have 'income replacement' through insurance sold, that his two daughters would have insurance proceeds to equalize financial distributions to them and his sons; and to minimize debt to ensure business continuation, and alleviate transfer costs or fees." *Id.*

at 5. They allege that defendants falsely assured plaintiffs Ben and Glen Kumm that the Kumm family wold be well taken care of under the defendants' insurance design and plan for Gaylord Kumm. *Id.* at 7. Further, they allege that the defendants engaged in a concerted course of action that "allowed existing policies insuring the life of Gaylord Kumm to lapse and in some cases to terminate; and in other cases, issued new policies or reissued and reinstituted lapsed polices, thereby generally engaging in the practice of 'churning' or 'twisting' life insurance policies of Gaylord Kumm to the benefit of Defendants and to the detriment of all Plaintiffs." *Id.* at 8. They further allege that pursuant to negligent and misleading advice, the $20,000,000 policy was sold in April 2007 in a viatical settlement initiated by Defendants' agents Paradigm, Bryce, Grendell, and Reil. *Id.* Defendants allegedly knew of, condoned, and profited from the sale. *Id.*

Plaintiffs allege the defendants fraudulently induced the decedent "to enter into contracts of insurance with Defendants, to allow incontestable policies to lapse and in some cases terminate, and to sell valid, incontestable, and enforceable insurance policies that he owned on his life." *Id.* at 9. They allege fraud in several particulars from 2003 to the decedent's death on January 1, 2008, including the defendants' intentionally concealing and failing to inform Gaylord Kumm of the benefits of more economical insurance that would meet his insurance needs, as well as concealing the economic benefits to themselves from the sale of new policies and the reinstitution of lapsed policies. *Id.* at 10. Specifically, plaintiffs allege that the defendants concealed the effect that allowing a policy to lapse had on Gaylord Kumm's coverage risk, especially with respect to incontestability. *Id.* at 9-10. Plaintiffs allege that defendants made knowing misrepresentations regarding Gaylord Kumm's health, and knowingly concealed medical

4

records.  *Id.* at 11-13*.*  Plaintiffs further allege that the defendants knew the misrepresentations "would be used by and would result in Defendants denying benefits to the intended beneficiaries." *Id.* at 13.

Plaintiffs also allege negligence by the defendants in advising Gaylord Kumm on his insurance design or plan and in executing Gaylord Kumm's intentions. *Id.* at 16.  They allege the defendants owed Gaylord Kumm the duty to act in accordance with the reasonable standard of care in the insurance industry in Nebraska.  *Id.* at 16-17.

Plaintiffs Ben and Glen Kumm also assert breach of contract and breach of duty of good faith and fair dealing in defendants' wrongful refusal to pay the five million dollar policy proceeds to them.  As co-personal representatives of the estate, Plaintiffs Janice Kumm and DeAnn Napper Kumm seek return of premiums paid and interest thereon, in the event that the defendants were to prevail on the claim for death benefits under the five-million dollar policy.

In its earlier order, the court noted that plaintiffs had "not alleged that either Janice Kumm, DeAnn Kumm, or Starr Kumm, individually, were either the owners, previous owners, beneficiaries, previous beneficiaries, or third-party beneficiaries of either policy." Filing No. 68, Memorandum and Order at 5.  The court finds that the factual allegations set forth in the second amended complaint establish that plaintiffs Janice Kumm, DeAnn Napper Kumm and Starr Kumm Wallace have standing, in their individual capacities, to maintain claims for fraud and negligence as former beneficiaries of the twenty-million-dollar policy and as intended beneficiaries of the overall insurance plan.  Plaintiffs Janice Kumm, DeAnn Kumm, and Starr Kumm, individually, have alleged injuries that are concrete, particularized, actual, traceable to the actions of the defendants, and capable of being redressed in this action.

Further, the court finds the second amended complaint alleges fraud with the requisite particularity. The factual allegations of the second amended complaint state a claim for fraudulent concealment and/or fraudulent misrepresentation under Nebraska law. The nature of the allegedly fraudulent conduct is adequately set forth. The contours of the alleged agency relationship between the defendants and Paradigm, Bryce, Grendell, and Reil are also set forth in detail. Accordingly,

IT IS ORDERED:

1. Defendants' motion to dismiss the plaintiffs' second amended complaint (Filing No. 77) is denied.

2. Defendants shall file an answer within fourteen (14) days of the date of this order.

DATED this 8th day of February, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Court Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.